16785

## HURST v. DONEGAL & CONOY MUT. FIRE INS. CO.
### (78 S. E. (2d) 189)

*Messrs. James A. Spruill, Jr.,* of Cheraw and *Royall & Wright,* of Florence, *for Appellant,*

*Messrs. Leppard & Leppard,* of Chesterfield, *for Respondent,*

October 12, 1953.

TAYLOR, Justice.

This is an appeal by the defendant Company from judgment against it on a fire insurance policy for $2,000.00 on a farm tenant house. The insured applied to the company's agent for the insurance in an amount to be determined by the agent. The latter immediately inspected the house and found it vacant. Nevertheless he then prepared the policy which he kept in his possession. It was dated December 12, 1950, and contained the following condition:

"Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring:

\* \* \*

"(B) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days."

At a later conference the agent told the insured of the vacancy and the insured said that another tenant would move into the house about the first of the year. The insured was also required by the agent to obtain a written instrument from his father, who was the real owner of the property and lived elsewhere, authorizing the insured to procure the insurance.

The policy was held by the agent until the written authorization was exhibited to him about January 15, 1951, and the annual premium of twenty odd dollars paid, whereupon the agent delivered the policy to the insured. The house remained vacant until its destruction by fire on February 16, 1951, and appellant denied liability upon the ground of the vacancy and the above quoted condition of the policy.

The only reasonable inference from the evidence adduced is that the insurance was effective upon delivery of the policy about January 15 and upon that ground (which is the first presented in respondent's brief) the judgment for respondent is affirmed. Section 8 of Rule 4 of the Supreme Court. The question of waiver of the condition was more extensively argued in the briefs and it may be that the judgment is sustainable on that ground also. 29 Am. Jur., 619, Insurance, Sec. 815. But the point, being unnecessary to decision of the appeal, will not be considered.

Upon the controlling issue the trial judge, to whom all issues were submitted by agreement of counsel, held in the order for judgment as follows:

"I have some doubt as to whether the contract of fire insurance was delivered until January 15, 1951. The agent testified that the policy became effective on the date it was written, but the agent kept the policy in his possession until plaintiff exhibited the agreement between himself and his father and paid the premium on the policy on or about January 15, 1951. The agent had required the plaintiff to

get and exhibit some written authority to show that plaintiff had an insurable interest in the tenant house. The agent did not inform plaintiff that the contract had been written, or that any insurance was in force until plaintiff exhibited the agreement to the 'agent and paid the premium to him, on or about the 15th day of January, 1951. It is a fair inference that the agent did not intend to deliver the contract or policy until plaintiff had exhibited the instrument showing that plaintiff had an insurable interest in the tenant house.'"

Respondent testiled that at his first interview with appellant's agent the latter inquired whether respondent was authorized in writing to insure the property and, upon negative answer, said to respondent, "Well, you better get something in writing." Later respondent was told that the policy was written, and the agent again asked: "Have you got anything in writing to show that you are in charge?" The required writing was secured by respondent from his father in January and he took it to the office of the agent, who read and returned it, collected the premium and thereupon delivered the policy to respondent.

Respondent called as a witness appellant's agent who issued the policy and his testimony contained no factual contradiction of that of the respondent. He said that he issued or wrote the policy in the name of the respondent when the latter first applied for it and after the witness had inspected the property, then as follows:

"Q. Did he ever exhibit to you any paper showing what authority he claimed over the property? A. Yes, I wrote the policy on the same day that I talked to Mr. Hurst, and I kept the policy in my office until over about the middle of January when Mr. Hurst came up to pick up his policy, and he showed me this agreement at that time.

"Q. When did he pay the premium? A. That was on the day that he showed me the agreement, about the 15th of January.

"Q. And was that the time that the policy was delivered to Mr. Hurst? A. Yes, that is correct."

On further examination appellant's agent, who was respondent's witness, testified that the policy was in force from its date rather than from the time respondent showed him the written authorization for the procurement and the delivery of the policy. However, that was purely a legal conclusion and erroneous in view of the established and uncontradicted facts. That the delivery of the policy was withheld and its effectiveness postponed until respondent complied with the condition that he present written authorization for the procurement of the insurance in his name is further shown by the following question and answer which appear in the testimony of appellant's agent:

"Q. Will you state whether or not you intended to deliver the policy until Mr. Hurst presented some paper showing you he had some interest? A. Why, at the time I wrote the insurance I told Mr. Hurst he would have to have some form of an agreement in writing."

The above facts and evidence conclusively show that it was the intention of the insurer, through its agent, and the insured, that the policy should not be effective until proof of respondent's right to insure should be produced in writing, which was done, and the policy delivered upon payment of the premium, about January 15. The loss occurred on February 16 so the policy condition of suspension of it after sixty days' vacancy is not applicable. That an insurance policy, regardless of date, is ineffective until compliance with a condition precedent was established in *Davis v. Home Insurance Co.,* 125 S. C. 381, 118 S. E. 536, and its authority in this respect was not affected by the distinguishing of it in *Brown v. Mutual Life Ins. Co.,* 186 S. C. 245, 195 S. E. 552, and *Simons v. American Fire Underwriters,* 203 S. C. 471, 27 S. E. (2d) 809.

It may be safely assumed that appellant would not admit liability for the loss if it had occurred between the date of the policy and the time of the compliance by the insured

with the requirement or condition that he produce written authorization from the owner, until which time delivery of the policy was postponed. That, plainly, was the time of the consummation of the insurance contract and the commencement of the risk, under the facts of this case.

Judgment affirmed.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

FISHBURNE, J., not participating.