**OLD COLONY INSURANCE COMPANY,**
Appellant,

v.

**E. W. GARVEY and wife, Mary L. Garvey, Appellees.**

No. 7551.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 16, 1958.

Decided March 3, 1958.

Joshua S. James, Wilmington, N. C. (James & James, Wilmington, N. C., on the brief), for appellant.

Wallace C. Murchison (Yow & Yow, and Carter & Murchison, Wilmington, N. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for plaintiff in an action to recover on a fire insurance policy on a dwelling house. The defense was that the house had been vacant for more than the sixty days allowed by the policy at the time of its destruction by fire and that the policy had been issued upon the false representation by the owner that the house was occupied by a tenant at the time of the application for and issuance of the policy. The case was heard by the District Judge without a jury. He found that, while the house was vacant at the

time of the application for and issuance of the policy, the owner, who lived some distance away, was not aware of the vacancy when she made the application and that her statement was made in good faith and without fraudulent intent. He further found that the misrepresentation was not material and that the vacancy had existed for less than sixty days after the issuance of the policy. See Garvey v. Old Colony Insurance Company, D.C., 153 F.Supp. 755, 756. The controlling facts were thus tersely and correctly stated by the judge in his opinion:

"The policy was issued on December 1, 1955, and the frame building described in the policy was completely destroyed by fire of undetermined origin during the night of January 23, 1956. At the time the policy was issued Mrs. Garvey represented to the agent that the insured dwelling house was then occupied by a tenant, but the evidence satisfies me that on that date the house was unoccupied and that it had been so for several days; it was continuously unoccupied until the fire which destroyed it. The evidence does not satisfy me, however, that the misrepresentation was wilful or intentional. The evidence establishes these facts with regard to the rental of the property and plaintiffs' contact with the tenant: The property was rented to a tenant by the name of English at $20 per month in March, 1955; the plaintiffs lived in Wilmington, N. C., 30 to 50 miles from this rural property located near Wallace, and the father of Mrs. Garvey, who lived near the property, looked after the collection of the rent; only small amounts on the rent were paid from time to time, but plaintiffs did not press for payment of the past due rent or move to eject the tenant since she had known him all of his life, because he had a wife and small child and also because she kept hoping that he would do better and catch up on the rent; payments were made to the father who re-mitted to Mrs. Garvey; at the time the policy was written Mrs. Garvey, then out of touch with the situation, told the agent that the property was then occupied by the tenant English; neither Mr. Garvey nor Mrs. Garvey had heard that English had moved out and Mrs. Garvey made the statement to the agent in good faith and in ignorance of its falsity."

The misrepresentation relied on by the company to invalidate the policy is nothing more than a verbal answer by the insured made in answer to a question by the agent of the company which was asked for the purpose of obtaining information on which to describe the insured property. The policy contains no reference to the questions of the agent or to insured's answers thereto. The policy is signed only by the agent; and the occupancy of the insured house by a tenant is referred to only under the heading "Description and Location of Property Covered". Beneath these words is the printed instruction: "Show construction, type of roof and occupancy of building(s) covered. If occupied as a dwelling state No. of families". Under this is the following in typewriting: "On one story, four room frame, approved roof dwelling, occupied by tenant situated East Side of Hwy 41 near Robert Cavanaugh's store Wallace, Pender County, North Carolina".

The provision with regard to vacancy is contained, not among the conditions rendering the policy void, but under the heading: "Conditions suspending or restricting insurance", and is as follows:

"Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; or (c) as a result of explosion

or riot, unless fire ensue, and in that event for loss by fire only."

The District Judge absolved the insured of any fraud in connection with the application, and the company does not now contend that the statements relied on were fraudulent. The contention now is that the verbal statement made by insured to the agent in applying for the policy to the effect that the house was occupied by a tenant was a material misstatement, the effect of which was to render the policy void. The statute of North Carolina G.S. § 58–30 provides that "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy." With fraud out of the case, therefore, the question as to validity is narrowed to whether the statement that the house was occupied at the time of the application was a material misrepresentation either when made by the insured or when incorporated in the description of the property in the policy. We agree with the District Judge that the defendant has not sustained the burden of showing it to be material.

■■ The test of materiality of a misrepresentation under the law of North Carolina is "whether it was such as would naturally and reasonably have influenced the insurance company with respect to the contract or risk". Carroll v. Carolina Casualty Insurance Company, 227 N.C. 546, 42 S.E.2d 607, 608. The burden rested upon the company to establish its defense; and, as pointed out by the District Judge, there is nothing in the record to show that the vacancy of the house at the time the policy was applied for would have caused a rejection of the risk or would have affected the rate of the premium charged. Furthermore, there is nothing in the record to indicate that the questions asked and answered by the insured were intended to have any bearing on the risk or that they had any other

purpose than to furnish a description of the property for incorporation in the policy. If it had been intended that vacancy would invalidate the policy or call for an additional premium, the policy should have contained language to that effect. The old standard form policy provided that the policy should be void "if a building herein described, whether intended for occupancy by owner or tenant *be* or become vacant or unoccupied and so remain for ten days."[1] (Italics supplied.) The new standard form here involved omitted this provision, which amounted to a warranty of occupancy, and substituted the provision heretofore quoted, which omits any language that could have reference to existing vacancy and takes care of the whole matter of vacancy by providing for suspension of the policy during vacancy extending beyond a period of sixty days. In the light of this change in the wording of the policy, which treats the matter prospectively, there is no basis upon which the misrepresentation here involved can be held material to the risk.

The company argues that the representation as to occupancy must be deemed material because made in answer to a question asked by an agent of the company. In support of this position, it relies on a line of cases, of which Mutual Life Ins. Co. v. Leaksville Woolen Mills, 172 N.C. 534, 90 S.E. 574, may be taken as typical, holding that written answers made to written questions and attached to a policy of life insurance "are deemed to be material by the acts of the parties to the contract." As pointed out in a note in 26 N.C. Law Review 78, 81, however, this has been held only in cases where the matter inquired about was so manifestly material that reasonable men could not have differed with regard thereto and would have been held material as a matter of law without regard to any question and answer test.[2] In cases where the matters contained in written answers to written questions were manifestly immaterial the court has not hesi-

1. Vance on Insurance, appendix p. 612.

2. See 26 N.C.Law Review p. 81, note 13.

tated to so hold as a matter of law. Wells v. Jefferson Standard Life Ins. Co., 211 N.C. 427, 190 S.E. 744; Anthony v. Teachers' Protective Union, 206 N.C. 7, 173 S.E. 6; Howell v. American National Ins. Co., 189 N.C. 212, 126 S.E. 603. In one case where different inferences as to materiality might be drawn, the court approved the submission of that question to the jury. Carroll v. Carolina Casualty Ins. Co., supra, 227 N.C. 546, 42 S.E.2d 607. Whatever be the North Carolina rule with respect to the effect to be given to written answers to written questions in an application for a life insurance policy, which is attached to and made a part of the policy, there is nothing in the law of North Carolina, or anywhere else, so far as we are aware, which requires that any such rule be applied to verbal answers made by an applicant for a fire policy to an agent asking questions for the purpose of obtaining information upon which to describe the insured property in the policy. To hold that such answers are to be deemed material as a matter of law would be to give them the status of warranties in contravention of G.S. § 58–30.

We think that the District Judge was clearly correct in holding that the sixty day vacancy allowed by the policy was to be computed from the time of issuance of the policy and not from the time when the house became vacant. If it had been intended that existing vacancy be taken into account, language to that effect should have been used, as in the old form of policy; and in the absence of such language the policy should be held to speak as of the time that it became effective. Directly in point is the case of Hurst v. Donegal & Conoy Mut. Fire Ins. Co., 224 S.C. 188, 78 S.E.2d 189. In that case a policy was prepared and dated December 12, 1950, but was not delivered and did not become effective until January 15, 1951. The house, which was vacant on December 12, 1950, and which remained vacant, was destroyed by fire on February 16, 1951. It was held that since the policy did not become effective until delivery, recovery was not barred by the sixty day provision. We are cited no authority to the contrary and we know of none. If there is any ambiguity with respect to when the sixty day period begins to run, it is elementary that such ambiguity must be resolved in favor of the insured.

Affirmed.