HOME MUTUAL FIRE INS. CO. *v.* PIERCE

5-3880                                      402 S. W. 2d 672

Opinion delivered May 16, 1966

*Peter G. Estes,* for appellant.

*Clayton & Little,* for appellee.

OSRO COBB, Justice. On January 12, 1965, appellee's chicken brooder house and equipment and supplies contained therein were damaged by fire in the amount of $15,550. At the time of the loss, appellee was covered by appellant's policy of insurance scheduling coverage on the brooder house at $10,000 and on equipment and supplies there at $6,000. A feed tank valued at $450 was salvaged from the fire and the loss resulted in a claim against appellant in the sum of $15,550. Appellant took the position that its liability was limited to two thirds of the loss. All of the facts relied upon by the parties were stipulated in the trial court and jury waived. The court found for appellee in the full amount of the loss, and appellant is here on appeal.

### The Pertinent Facts as Stipulated

Appellee is a large operator of chicken brooder houses, using four farms in the general vicinity of Gravette as sites for same. Much expensive equipment is used. Prior to December 23, 1964, appellant had issued to appellee a separate policy of insurance on dwellings and named structures on each of said farms. On December 23, 1964, a new policy was written consolidating the coverage and on December 31, 1964, an endorsement was placed on the policy increasing some of the coverage. The provisions of the policy at issue are quoted in full in our discussion below of the law applicable to the particular facts of this case.

The farm site where the fire loss occurred had a dwelling thereon. When appellant inspected the property to write the original insurance a tenant was residing in the dwelling, but said tenant was engaged solely in hog raising and had and exercised no authority or responsibility as to appellee's brooder house. Special personnel operated the brooder house, visitng same three or more times per day.

When appellant wrote and delivered the new policy covering the four farms, it made no additional physical inspection of same. Prior to the issuance of said new policy the tenant moved from the dwelling. It is stipulated, without providing any details, that said dwelling had not been occupied for more than 30 days prior to the fire.

Appellant urges two points for reversal and we discuss same in the order presented.

*Point* 1—Appellant contends that when the insurance is upon a farm dwelling and subordinate buildings, the *occupancy* of the *dwelling* determines the character of the occupancy of the barn and other outbuildings used in connection with it.

The principle stated under Point 1 is one that has been approved and widely applied in many jurisdictions including our own. It was exhaustively examined and approved in one of our cases upon which appellant primarily relies. *Farmers Fire Ins Co.* v. *Farris,* 224 Ark. 736, 276 S. W. 2d 44 (1955). In *Farris* we referred to *American Ins. Co.* v. *Hays,* 174 Ark. 772, 296 S. W. 724 (1927), where we quoted with approval a Wisconsin decision, *Hotchkiss* v. *Insurance Co.,* 76 Wis. 269, 44 N. W. 1106 (1890), as follows:

"Under certain circumstances, premises may be vacant or unoccupied when, under other circumstances, premises in like situation may not be so, within the meaning of that term in insurance policies."

Appellant has called our attention to several cases from other jurisdictions. *Continental Ins. Co.* v. *Dunning,* 249 Ky. 234, 60 S. W. 2d 577 (1933); *Republic County Mut. Fire Ins. Co.* v. *Johnson,* 69 Kan. 146, 76 Pac. 419 (1904); *Agricultural Ins. Co.* v. *Hamilton,* 82 Md. 88, 33 Atl. 429 (1895); *Ashworth* v. *Builders Mut. Fire Ins. Co.,* 112 Mass. 422, 17 Am. Rep. 117 (1873).

After examining said case authorities we have reached the conclusion that the brooder house and equipment therein destroyed in this fire was neither subordinate to or used in connection with the farm dwelling, the facts in the case at bar being clearly distinguishable from the facts in the cases relied upon by appellant. Our principal reasons for this conclusion follow:

1. Webster's New International Dictionary, 2d ed., defines subordinate: ''Inferior in order, nature, importance, or the like—dependent.''

2. In all cases cited by appellant the dwelling was of much greater value than the outbuildings—the outbuildings consisting of barns, corn cribs, smoke houses, etc. Indeed, appellant cites no case involving a brooder house operation.

3. In this case the brooder house and equipment therein was insured for $16,000, same being more than five times the amount of insurance on the dwelling.

4. The brooder house was operated by personnel entirely separate and apart from other operations on the farm.

5. When appellant inspected the premises prior to writing insurance, it learned that the tenant in the farm dwelling was engaged solely in hog raising and had and exercised no authority or responsibility whatever as to the care and operation of the brooder house.

6 Appellant was at all times here under review on notice that the tenant of the dwelling, whether occupying same or not, had no connection with the brooder house and its operation.

7. The brooder house operation was the most important enterprise on this farm. It had no dependence upon the dwelling and the occupant thereof, if occupied.

8. Under the particular circumstances of this case,

stipulated by the parties, the brooder house simply was not used in connection with the dwelling.

It is clear to us that appellant's Point 1, while sound in principle, is inapplicable to the stipulated facts of the case. We therefore find no merit in appellant's contentions under said point.

> *Point* 2—Appellant next contends that the farm dwelling had not been occupied on the farm in question for more than 30 days at the time of the fire and that under the terms of its policy of insurance it was liable to appellee only to the extent of two thirds of the loss or $10,366.67.

On December 23, 1964, appellant issued its policy No. 4627 for a period of five years, replacing four other unexpired policies previously issued by appellant to appellee. On December 31, 1964, an endorsement was issued increasing the coverage on the equipment in the brooder house that subsequently burned from $5,000 to $6,000. The fire occurred on January 12, 1965, less than 30 days from the date of the new policy and only 12 days subsequent to the specific added coverage provided in the policy endorsement of December 31.

It can not be said that policy No. 4627 related to any other period of coverage except the five years beginning on December 23, 1964, the by-laws of the insurance company expressly limiting its policies to a five-year period.

Appellant contends that its endorsement of the policy No. 4627 by Form 50, which specifically refers solely to the farm dwelling, has equal application to the brooder house. We quote same:

> "VACANCY OR UNOCCUPANCY PERMIT—
> 'In consideration of the waiver of additional premium for increased hazard by reason of vacancy or unoccupancy, *permission is hereby given* for *dwell-*

*ing* insured under this policy to become or remain vacant or unoccupied for periods in excess of thirty days, provided that in case any *dwelling* is damaged or destroyed by fire during such vacancy or unoccupancy in excess of thirty days this company shall not be liable to pay or make good to the insured in excess of two-thirds of the amount of *insurance covering such dwelling.*' '' (Emphasis ours.)

The trial court, after considering the stated provisions of said Form 50, rejected appellant's contention of its application in this case to the brooder house. We agree with the trial court.

We therefore look to the provisions of the original policy which contains a vacancy clause, as follows:

"Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring. . . . (f) *while a described building* whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of thirty days."

The above is virtually identical with language in a policy of insurance considered in *Old Colony Ins. Co.* v. *Garvey,* 253 F. 2d 299 (4th cir. 1958). We quote with approval from the opinion written by Chief Judge Parker in said case:

"We think that the District Judge was clearly correct in holding that the sixty (60) day vacancy allowed by the policy was to be computed from the time of issuance of the policy and not from the time when the house became vacant. If it had been intended that existing vacancy be taken into account, language to that effect should have been used...; and in the absence of such language the policy should be held to speak as of the time that it became effective. Directly in point is the case of *Hurst* v. *Donegal & Conoy Mut. Fire Ins. Co.,* 224 S. C. 188,

78 S. E. 2d 189. In that case a policy was prepared and dated December 12, 1950, but was not delivered and did not become effective until January 15, 1951. The house, which was vacant on December 12, 1950 and which remained vacant, was destroyed by fire on February 16, 1951. It was held that since the policy did not become effective until delivery, recovery was not barred by the sixty day provision. We are cited no authority to the contrary and we know of none.If there is any ambiguity with respect to when the sixty day period begins to run, it is elementary that such ambiguity must be resolved in favor of the insured.''

Also 4 *Appleman, Insurance,* § 2844 (1941) contains the following:

''. . . the period of vacancy permitted by the policy commences at the date of the inception of the risk, if the premises are then vacant, and the policy may be breached thereby. . . . *Nor could a vacancy existing prior to the date of the contract have any effect upon the insurer's liability.*'' (Emphasis ours.)

Appellant has cited no Arkansas case relating to the principle of law set forth above.

We have therefore concluded that all of appellant's contentions under Point 2 are without merit.

Having found no merit in any of the contentions of appellant the judgment of the trial court is affirmed.