GULF OIL CORPORATION *vs.* ROBERT C. HAUFLER & others.[1]  June 27, 1983.  *Practice, Civil,* Summary judgment..

1.  The plaintiff brought an action in the Superior Court seeking specific performance of a clause in a written lease which granted the plaintiff the option to purchase certain leased premises. The plaintiff's motion for summary judgment was allowed by a Superior Court judge, after a hearing, on consideration of the pleadings, admissions, and affidavits filed in the case. We agree with the judge that the plaintiff has demonstrated that no genuine issue of material fact exists. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550 (1976). The affidavits submitted by the defendants are made, in large part, on information and belief, as opposed to personal knowledge and, therefore, may be disregarded. See Mass.R.Crim.P. 56(e) 365 Mass. 825 (1974). In addition, the representations allegedly made by agents of the plaintiff, contained in the affidavit of Robert Haufler, could not have substantive effect at trial because of the parol evidence rule. Liacos, Massachusetts Evidence 385 (5th ed. 1981). The defendants did not raise the defense of fraud in their answer, and do not contend before us that the denial of their motion to amend their answer, by adding the affirmative defense of fraud, was erroneous.

2.  It was within the judge's discretion to order specific performance. *Leisure Sports Inv. Corp.* v. *Riverside Enterprises, Inc.*, 7 Mass. App. Ct. 489, 493 (1979).

[1] Elizabeth R. Haufler, G. Steven Miers.

3. The plaintiff's motion to add Cliff Mortgage Co., Inc., as a party is allowed.

*Judgment affirmed.*

*Bartholomew P. Molloy* for the defendants.
*Richard A. Freedman* for the plaintiff.