Pappas Enterprises, Inc., & others[1] *vs.* Commerce and
Industry Insurance Company.

Suffolk. December 4, 1995. - February 14, 1996.

Present: Liacos, C.J., Wilkins, O'Connor, Greaney, & Fried, JJ.

*Insurance,* Fire, Construction of policy. *Words,* "Are vacant," "Vacancy."

Language in a policy of liability insurance, as prescribed by G. L. c. 175,
§ 99, excluding liability for losses occurring while the described premises
"are vacant or unoccupied beyond a period of sixty consecutive days"
does not apply to exclude coverage when the loss occurs within sixty
days of the effective date of the policy [82-84]; however, a period of
vacancy commencing in a prior policy term should be tacked on to the
next subsequent policy period, assuming no significant change in the
coverage [84-85].

CERTIFICATION of questions of law to the Supreme Judicial
Court by the United States District Court for the District of
Massachusetts.

*Robert J. Murphy, Jr.,* for the plaintiffs.

*Michael A. Pezza, Jr. (Christian W. Habersaat* with him)
for the defendant.

Wilkins, J. The plaintiffs, whom we shall refer to collec-
tively as the insured, are beneficiaries of an insurance policy
issued by the defendant insurer that provided coverage against
fire loss to numerous properties in the Boston area. The
policy, which became effective on September 1, 1990, was a
renewal of property damage policies that had been issued on
September 1, 1988, and September 1, 1989. On October 27,
1990, fifty-seven days after the effective date of the policy
then in effect, one of the covered properties was damaged by
fire. That property had been vacant since May, 1989, a period
of well over a year.

When the insurer declined liability for the fire loss, the

---

[1]Pappas Management Corp., The 418 Worcester Wareland Realty Trust,
and Capital Site Management Associates.

insured commenced an action in the United States District Court for the District of Massachusetts. In defense of the claim, the insurer relied in part on policy language, prescribed by G. L. c. 175, § 99, Twelfth (1994 ed.), that excluded liability for a loss occurring while the described premises "are vacant or unoccupied beyond a period of sixty consecutive days." The facts presented the question whether the period of sixty consecutive days of vacancy included only days during the policy period in which the loss occurred or could also include consecutive days of vacancy during the prior policy period.

A District Court judge determined that (1) the policy provision was inherently ambiguous; (2) there was no controlling Massachusetts authority; (3) cases elsewhere relied on factors not applicable in the circumstances of this case; and (4) the ambiguity is "contained in every fire insurance policy written in Massachusetts." She invoked S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981), and certified the following two questions to this court:

> "1. Does the 60-day vacancy provision for fire insurance policies prescribed by M.G.L. ch. 175 § 99 — that the insurance company is not liable for losses occurring 'while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of sixty consecutive days' — apply in the case where part of the 60 days of vacancy occurred prior to the day the policy came into force?

> "2. If the answer to the preceding question is in the negative, would the result be different (that is, would the vacancy provision apply, and thus preclude coverage) where the policy in force at the time of the fire was a renewal of an immediately preceding policy, and a portion of the period of vacancy beyond 60 days occurred during the immediately preceding policy period?"

We conclude that consecutive days of vacancy occurring prior to the policy period may be counted toward the sixty days of vacancy, referred to in the vacancy exclusion provision, only if the current policy is a renewal of substantially the same coverage of the damaged property provided in the previous policy period.

1. Today, and since its insertion into the General Laws (by St. 1951, c. 478), § 99, Twelfth of G. L. c. 175 has required that a policy state that, unless it otherwise provides, the insurer of premises of the kind involved in this case "shall not be liable for loss occurring . . . (b) while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of sixty consecutive days." Prior to the 1951 amendment, the relevant statute had required that the standard Massachusetts policy provide that the policy was void "if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days." In *Wainer* v. *Milford Mut. Fire Ins. Co.*, 153 Mass. 335, 339 (1891), the court construed that former language to mean a vacancy of thirty days commencing while the policy was in force. The words "shall become vacant" pointed to a prospective event, a future vacancy. *Id.* The language of the current § 99 concerning premises that "are vacant" for more than sixty days is not as clearly prospective in its focus. The 1951 change in the relevant language tends to suggest that the Legislature may have no longer intended that the focus should be only on a prospective vacancy.

The Legislature may not, however, have had its eye on the *Wainer* case when it placed the relevant language in § 99. That language came from the New York standard fire insurance policy, which was adopted in most States by statute and was adopted in Massachusetts in part. See Annot. of the 1943 Standard Fire Insurance Policy 3 (ed. ABA Tort and Insurance Practice Section, 2d ed. 1994); Vance, Insurance 807-808 (3d ed. 1951). The old standard form policy used nationally (but not here) and replaced generally in this country by the New York standard fire insurance policy, provided that, if premises "be or become vacant or unoccupied and so remain for ten days," the policy was void. See *Old Colony Ins. Co.* v. *Garvey*, 253 F.2d 299, 301 (4th Cir. 1958); *Thomas* v. *Industrial Fire & Casualty Co.*, 255 So. 2d 486, 488 (La. Ct. App. 1971). The abandonment of the old form ("be or become vacant") in favor of the less certain "are vacant" provision was a move away from voiding a policy or coverage based on a vacancy existing at the policy's inception.

We decline to interpret language used in a national standard policy to have a special Massachusetts meaning simply

because of an implication that could be derived from an uncertain legislative history. The language "are vacant" (which replaced "be or become vacant") has been consistently regarded as referring only to a vacancy occurring after the commencement of coverage. See *Old Colony Ins. Co. v. Garvey*, 253 F.2d 299, 302 (4th Cir. 1958) (North Carolina law); *United States Fidelity & Guar. Co. v. Board of Educ. of Fairfield*, 339 F. Supp. 315, 318 (N.D. Ala. 1972) (Alabama law); *Home Mut. Fire Ins. Co. v. Pierce*, 240 Ark. 865, 869-870 (1966); *Kolivera v. Hartford Fire Ins. Co.*, 8 Ill. App. 3d 356, 360-361 (1972); *Thomas v. Industrial Fire & Casualty Co.*, 255 So. 2d 486, 488 (La. Ct. App. 1971); *Hurst v. Donegal & Conoy Mut. Fire Ins. Co.*, 224 S.C. 188, 192 (1953).

Some opinions holding that the entire vacancy must occur during the policy period resolve the policy ambiguity by reliance on the principle that ambiguities should be construed against the insurer. See *Home Mut. Ins. Co. v. Pierce, supra* at 675; *Old Colony Ins. Co. v. Garvey, supra*; *United States Fidelity & Guar. v. Board of Educ., supra*. That principle has no proper place in construing policy language that is, as in this case, dictated by statute. See *McNeill v. Metropolitan Property & Liab. Ins. Co.*, 420 Mass. 587, 589 (1995); *Bilodeau v. Lumbermens Mut. Casualty Co.*, 392 Mass. 537, 541 (1984).

We conclude that the period of a vacancy existing prior to the date coverage is first effective should not be counted in determining whether a vacancy that excludes liability has occurred. One factor is our interest in giving § 99 the same treatment that is given to identical language in policies issued in other States. Another consideration is the opportunity an insurer has to determine whether a vacancy exists at the inception of a policy and to choose not to underwrite the risk, to amend the policy provisions (where permitted), or explicitly to provide coverage at an additional premium. See *Commerce Ins. Co. v. Koch*, 25 Mass. App. Ct. 383, 388 (1988). Most important is the understanding that the parties should reasonably have concerning the policy language, applying normal reasoning and analysis. See *Save-Mor Supermarkets, Inc. v. Skelly Detective Serv., Inc.*, 359 Mass. 221, 225-226 (1971). See also *Home Indem. Ins. Co. v. Merchants Distrib., Inc.*, 396 Mass. 103, 107 (1985). If a vacancy exists at the inception of coverage, it is hardly reasonable to believe that the

coverage should terminate earlier than sixty days later when, for the premium paid, the insurer has agreed to assume for sixty days the increased risk of loss that vacant premises present.

We answer the first certified question in the negative because the vacancy exclusion does not apply when the loss occurred within sixty days of the effective date of the policy, assuming that there was no prior coverage of the type we shall describe in answer to the next question.

2. We next consider whether the vacancy exclusion applies where, as here, the fire loss occurred during the first sixty days of the policy renewal and the vacancy had existed for more than sixty days before the date of the fire. We conclude that the vacancy exclusion precludes coverage of the fire loss, assuming that the renewal did not involve any change of significance in the coverage provided for the property damaged by fire. See *Thatcher* v. *Reliance Ins. Co.*, 226 A.2d 919, 924-925 (Del. Super. Ct. 1967). We do not have the circumstances of the renewal before us and, therefore, our comments can only be general.

The rule we state would unquestionably apply when a policy by its terms, unlike the case before us, was automatically renewed on the timely payment of premium. See *State Farm Gen. Ins. Co.* v. *Chambers*, 260 Ark. 637, 640 (1976) (denying coverage because "[t]he old and only insurance contract was simply extended for an additional year by the payment of the premium for the ensuing year"). The result should not turn, however, formalistically on whether a new policy, substantially identical as to the damaged property, was issued or the old policy was continued by its terms.

The controlling factor should be what the parties reasonably should have understood the policy language to mean. The property had been vacant since May, 1989. Coverage of the vacant premises undeniably ceased under the first policy sometime in July, 1989, pursuant to the vacancy exclusion clause, sixty days after the vacancy began. That exclusion of coverage continued at least to September 1, 1989, when the second policy period began. An exclusion of coverage unquestionably thereafter existed during the second policy period at least from the end of October, 1989, to September 1, 1990, when the third policy period began. No reasonable insured

would believe, in those circumstances, with the uncontestable periods of noncoverage defined above, that the vacant premises would annually be provided coverage during the first sixty days of each renewal period. There is no sensible reason why that result should be reached or expected. The insurer agreed to assume the increased risk during a sixty-day period and not during a period of a vacancy lasting more than sixty days.

We answer the second certified question in the affirmative because a period of a vacancy during a prior policy period should be tacked on to the vacancy continuing during the next subsequent policy period, assuming that there was no significant change in the coverage of the premises.

3. We answer the first question in the negative (on the assumption that there was no continuation of coverage), and the second question in the affirmative.