Steadman, J.
Introduction;
The plaintiffs, James H. Webb and Carolee Webb (Plaintiffs) purchased a homeowners policy issued by the defendant Metropolitan Property and Casualty insurance Company (Insurer). The plaintiffs allege that the Insurer breached its insurance contract with them and engaged in unfair and deceptive acts and practices when it failed to properly investigate and pay three losses sustained by the plaintiff on property they owned at 3 Old Colony Drive, Plymouth, Massachusetts.
The plaintiffs complaint is in two counts. Count I, alleges breach of the contract of insurance; and Count II alleges a violation of G.L.c. 93A, Sections 3 and 11. The defendant alleges in its answer a litany of affirmative defenses, most of which are without merit. The thrust of the defendants position in its answer is that there is no coverage for the losses claimed by the plaintiffs, that its claims under 93A is barred by the statute of limitations, and that the defendant’s handling of the plaintiffs insurance claims was proper. While the plaintiff does not specifically allege a violation of G.L.c. 176D, from the language of the complaint I, none the less, consider it part of the plaintiffs case.
Discussion:
In December of 1986, the Webbs purchased property at 3 Old Colony Drive for the intended purpose of rehabilitation and sale. On or about July 30, 1988 the Webbs purchased a policy of insurance on the property which is the subject matter of this suit. Some five months later, the Webbs experienced the first loss due to vandalism. It appears clear from a review of the submissions that the plaintiffs did not reside, at any time, in the premises insured under the policy at issue in this case.
“Residence premises” as defined in the policy means, “any of the following used as a private residence by any person named in their Declaration, if a resident of the same household: 1. one to four family dwelling. 2. private structure, grounds and private approaches thereto. 3. that portion of any other building occupied as a residence.”
The G.L.c. 93A letter sent to the defendant on December 3, 1990 states, “In December 1986 the Webbs purchased the property at 3 Old Colony Drive for the intended purpose of rehabilitation and sale (emphasis supplied).” A clear and uncontroverted indication that the plaintiffs never intended to live in or take up residence in the property.
It is equally clear and uncontroverted that the house was at all times material to this case “vacant.” There is a provision in the policy that there is no coverage for vandalism or malicious mischief or glass breakage, “. . .if the property covered was vacant for more than 30 consecutive days immediately prior to the loss.” The additional provision in the policy that, “A dwelling being constructed is not considered vacant” does not serve to alter the aforementioned provision. Pappas Enterprises, Inc. v. Commerce and Industry Insurance Company, 422 Mass. 80 (1996).
The plaintiff argues that Joseph Mammone who sold the policy was acting as an agent of the defendant and knew the plaintiff intended to rehabilitate the premises and would not take up residence there. The agency theory is not pleaded by the plaintiffs in their complaint. The plaintiff relies upon his own deposition to establish agency by making a blanket assertions that the person who sold him the policy was a representative of the defendant without more. That reliance is misplaced.
Rule 56(e) requires that affidavits used for the purpose of either supporting or opposing summary judgment must be made on personal knowledge, (ii) set forth such facts as would be admissible in evidence and (iii) show affirmatively that the affiant (in the case the deponent) is competent to testify to the matters stated therein. Samuels v. Brooks, 25 Mass.App.Ct. *20 421, 429 (1988). An affidavit based on “information and belief’ will not suffice. Shapiro v. Equipment Corp. v. Norris & Sons, 369 Mass. 968 (1976); Gulf Oil Corp. v. Hufler, 16 Mass.App.Ct. 937 (1983).
Summary Judgment:
The responsibility of the court in determining the validity of this motion for summary judgment is similar (but not identical) to the court’s responsibility in ruling on a motion for a directed verdict.
It is not intended to be used, nor should it be, as a vehicle for “trial by affidavit.” Henshaw v. Cobeceiras, 14 Mass.App.Ct. 225 (1982). The purpose is to determine if there are any real fact issues to be decided.
Accordingly, the defendant has the burden to affirmatively demonstrate that there is no genuine issue of material fact raised by the pleadings. Attorney General v. Bailey, 386 Mass 367 (1982). If the defendant can do that, then it is entitled to summary judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550 (1976). Once the moving party shows that there is no genuine issue for trial, the opposing party must respond and allege specific facts which establish that there is a genuine triable issue. We are instructed that “[A] toehold ... is enough to survive a motion for summary judgment.” Marr Equipment Corp. v. I.T.O. Corp. 385 Mass. 1001 (1982).
A moving party upon whom the burden of proof does not rest at trial need not negate or disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, but must only demonstrate that proof of that element at trial is unlikely to be forthcoming. Kourouvacilis v. Gen. Motors, 410 Mass. 706 (1991).
Interpretation of Policy:
The interpretation of an insurance contract is not a question of fact for the jury. The responsibility of construing the language of an insurance contract is a question of law for the judge to decide. When interpreting insurance contracts, courts are guided by the principle that all contracts, including insurance contracts are to be construed, “according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed. MacArthur v. Massachusetts Hosp. Serv., Inc., 343 Mass. 670, 672 (1962), quoting Koshland v. Columbialns. Co., 237 Mass. 467, 471 (1921). A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms. Hyfer v. Metropolitan Life Ins. Co., 318 Mass. 175, 179 (1945); Cody v. Connecticut Life Ins. Co., 387 Mass. 142 (1982).
A survey of various popular dictionaries reveal that the reasonable meaning of “Residence” is 1. a place, especially a house, in which a person lives or resides; a dwelling place, a home. 2. A structure serving as a dwelling or home; 3. the act or fact of residing; 4. the act of living or staying in a specified place; 5. the time during which a person resides in a place house. A Dwelling is a building or place of shelter to live; a place or residence; an abode, a home.
The plaintiffs never resided in the house in question on their own admissions. As a matter of law, the policy at issue in this case does not afford coverage to the plaintiff for the losses claimed in their complaint. That being so, there is no breach of contract by the defendant nor has the defendant violated the provisions of G.L.c. 176D or G.L.c. 93A
Conclusion:
Accordingly, there is no genuine issue of material fact and this motion for summary judgment is allowed.