INDUSTRIAL LIFE AND HEALTH INSURANCE COMPANY, a corporation, *Petitioner,* v. JOHN COFIELD, *Respondent.*

148 So. 549.
Opinion filed May 24, 1933.
Re-hearing denied July 8, 1933.

*Holland, Rogers & Hazard,* for Petitioner;

*E. J. Krik,* for Respondent.

DAVIS, C. J.—This is a petition for *certiorari* seeking to quash a judgment of affirmance heretofore entered by the Circuit Court of Duval County on an appeal from a judgment recovered against petitioner in the Duval County Civil Court of Record.

The Circuit Court according to its written order disclosed by the transcript, affirmed the judgment complained of be-

cause it appeared in the evidence that while insured at time had considerably delayed the payment of his premiums beyond the times they were due, that nevertheless the insurer had at no time ever sought to take advantage of the provisions of the policy by which it could have avoided same on account of non-payment of the premiums nor did it appear that insurer had even indicated to the insured that it relied on a lapse of the policy from such default, but on the contrary had actually collected and retained premiums from the insured out of time and thereby had precluded itself from insisting on a forfeiture under the following clauses appearing in the policy sued on:

" 'PERIOD OF GRACE.—A grace period of four weeks will be granted for the payment of any premium after the first, during which time the Insurance will continue in force. If death should occur within the days of grace, all overdue premiums shall be deducted from the amount payable hereunder; but neither this concession nor the acceptance of any over-due premium shall create an obligation on the part of the Company to receive premiums which are over four weeks in arrears.' "

" 'REVIVAL.—Should this policy become void in consequence of non-payment of premium, it may be revived, if not more than fifty-two premiums are due, upon payment of all arrears, and the presentation of evidence satisfactory to the Company of the sound health of the insured.' "

" 'ALTERATION OF CONTRACT.—No person except the President or Secretary has the power to modify or, in the event of lapse, to reinstate this Policy, or to extend the time of payment of a premium. No agent has the power on behalf of the Company to waive any forfeiture, or to bind the Company by making any promise, or by making or receiving any representation or information.' "

. The recognized rule in this State is that an insurer under

clauses of the kind just quoted, cannot secure and retain the benefit of the collection of its premiums when past due, and at the same time, without notification to the insured, insist upon a forfeiture of the policy by lapse of same for non-payment of premiums on the precise days they were due under the strict conditions of the contract. Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 Sou. Rep. 869.

The operation of the foregoing rule is not defeated by a provision in the policy to the effect that only the President or Secretary of the Company can agree to a reinstatement in the event of a lapse.

A forbidden act of the insured that leads to forfeiture, may, as distinguished from the waiver of the contractual clause itself as a part of the contract, be itself waived by acts or conduct of the insurer's representatives acting in a manner inconsistent and irreconcilable with the idea that a forfeiture has taken place. Palatine Ins. Co. v. Whitfield, *supra.*

Negligence of an insurance company in failing to properly supervise and control the affairs of its agents by preventing their continued collection of premiums from policy holders whose policies it must necessarily be informed have already lapsed from non-payment of premiums, may lead to an estoppel against the insurer to deny its agent's authority to revive the policy by the acts that the agent does in collecting premiums, out of time. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. Rep. 236. This does not mean that a mere collecting agent has any power to vary, alter or modify the insurance contract, or to extend the time for payment in order to prevent a lapse, or to enter into an agreement by which the lapse is to be waived in violation of the contractual terms, but it does mean that insurers who are presumed to know from their records the exact time when policies have lapsed, may

become estopped to claim a forfeiture by lapse for non-payment of particular premiums when they have allowed their collecting agents to subsequently continue with apparent authority to make collections from the defaulted policy holder in ignorance of the company's undisclosed intent to insist on its accrued forfeiture rights. This does not change or vary in any way the contract itself. The contract remains the same as before the estoppel.

The lower court decided the appeal on the foregoing salutary principles of law, which we approve. The petitioner for certiorari here has fully briefed his case in support of this application for the writ and it appearing from the record and petitioner's own presentation of his objections, that the lower court did proceed according to the essential requirements of law in affirming the judgment of the Civil Court of Record, the writ ought to be denied and it is so ordered.

Certiorari denied.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.