BLANCHE, Judge.
Defendant, Industrial Fire & Casualty Insurance Company, has taken this appeal from a decision of the Twenty-Second Judicial District Court granting judgment in favor of plaintiff, Noah Thomas, on a policy of fire insurance on plaintiff’s building which had been destroyed by fire.
The building was originally constructed for use as a restaurant and beer parlor and was so used for approximately two years. After becoming unable to operate the business himself, plaintiff rented the structure to various tenants for use as a restaurant and beer parlor. After the beer license was revoked, plaintiff decided to convert the structure to a family-type dwelling to be rented to tenants. One tenant, Mr. T. C. Creel, rented the structure as a family dwelling for a period of approximately three weeks, vacating the premises on October 1, 1968.
On or about November 6, 1968, the plaintiff contacted Mrs. Udine Bickham Jones in Franklinton, Louisiana, seeking to obtain fire insurance on the house in question. At that time Mrs. Jones was told that the dwelling was no longer intended for use as a beer parlor and restaurant, and, furthermore, that the building was presently vacant.
Having no insurance facilities of her own to write the coverage requested, Mrs. Jones contacted Mr. T. H. Cutrer, a licensed insurance broker, and requested that he obtain the coverage sought. Thus, it was on the information furnished him by Mrs. Jones that Mr. Cutrer prepared and signed the application.
Being unable to place the insurance through a regularly authorized insurer, Mr. Cutrer submitted an application dated November 6, 1968, for surplus lines insurance covering low value dwellings to Wright General Agency, Inc., a licensed surplus lines broker, who is general agent for the defendant, Industrial Fire & Casualty Company. The application signed by Mr. Cutrer stated that “all dwellings must be occupied.”
In response to and in reliance upon the application submitted by Mr. Cutrer, Wright General Agency issued Policy No. LV 1-14-49 on behalf of Industrial Fire & Casualty Company in the amount of $4,000 to the plaintiff, Noah Thomas, for the period from November 6, 1968, to November 6, 1969, on a “one story, c-b and frame tin roof house, ¡4 miles east of Hockley on Hockley-Thomas Road, Washington Parish, Louisiana.” Wright General Agency, Inc., forwarded the policy to Mr. Cutrer, who in turn delivered it to Mrs. Jones, who in turn delivered it to the plaintiff.
The structure in question was destroyed by fire on December 16, 1968. It had been vacant from October 1, 1968, a period of seventy-six days; however, only forty-one of these days had accrued during the existence of the policy of fire insurance.
*488 Defendant refused payment of plaintiff’s claim on two grounds: (1) that the insured building had been vacant for a period of more than sixty consecutive days in violation of the express terms of the policy[1], and (2) that the insurance policy was issued in reliance upon a material misrepresentation of fact contained in the application submitted by Mr. Cutrer stating that “all dwellings must be occupied.” For the following reasons we reject both of defendant’s contentions.
The vacancy clause in question providing that the company will not be liable for any loss occurring when the premises are vacant or unoccupied beyond a period of sixty days is a provision required by state law in all fire insurance policies.[2]
We construe the sixty-day vacancy provision as running from the issuance date of the policy. Under this construction only forty-one days of vacancy had accrued as of the date of the fire. Our construction is buttressed by reference to the “old” New York Standard Policy adopted by the Louisiana Legislature in 1898.[3] The old standard form policy provided that the policy should be void “if a building herein described, whether intended for occupancy by owner be or become vacant or unoccupied and remain so for ten days.” The new standard form[4] omitted this provision and substituted the provision heretofore quoted,[5] which does not refer to an existing vacancy. In the light of this change in the wording of the policy, which treats the matter prospectively, we are compelled to hold that the sixty-day vacancy period had not run as of the fire on December 16, 1968.
Defendant’s second argument is that the insurance policy was issued in reliance upon a material misrepresentation of fact. The misrepresentation is found in the application of insurance submitted by Mr. Cutrer stating that “all dwellings must be occupied.” The circumstances leading up to the misrepresentation begin with Mr. Cutrer’s hearsay statement which was objected to at the trial that Mrs. Jones, who was not a party to the suit, told him that the building was occupied. Finally, the misrepresentation is completed vis-a-vis the defendant insurance company when its agent, Wright General Agency, Inc., issues the policy herein, relying on the application for insurance submitted by Mr. Cutrer. The application form was provided by Wright General Agency, Inc., and contained in large print the statement “ALL DWELLINGS MUST BE OCCUPIED.”
Defendant relies on the first provision of the legislatively adopted standard fire policy to defeat plaintiff’s claim under the policy. The provision states:
“This entire policy shall be void if * * the insured has wilfully concealed or misrepresented any material fact or circumstances concerning this insurance * * (Policy No. LV 1-14-49 of Industrial Fire & Casualty Company, Record, p. S — emphasis supplied)
Defendant has introduced no evidence that would support the contention that there was a willful misrepresentation by the insured of a material fact. The “old” New York Standard Policy did not mention the word “willful” in connection with the effect of misrepresentations by the insured. A comment writer in the Tulane *489 Law Review has construed the inclusion of the word “willful” in the “new” Louisiana Standard Fire Insurance Policy as follows:
“Another material change in the new policy is the statement that ‘wilfully’ concealing or misrepresenting a material fact * * * will void the policy. * * [T]he introduction of the element of wilfullness respecting misrepresentations resolves a disputed point in favor of the insured, and gives him a better-than-even chance in the event that he has innocently misstated a material fact in his application for insurance * * *.” .(Comment, the Louisiana Standard Fire Insurance Policy — Louisiana Act 251 of 1944, 21 Tulane L.Rev. 90, 97 [1946])
The record is clear that plaintiff himself made no misrepresentation of facts and in good faith applied to an insurance agency which he had a right to assume could furnish him with the insurance coverage sought. In fact, the defendant’s agent Wright furnished the application of insurance to Mr. Cutrer which was completed and mailed by him. There was no requirement that the application be signed by the insured. The lack of evidence as to any willful misrepresentation by plaintiff makes it unnecessary to decide whether Mrs. Jones or Mr. Cutrer should be classified as a broker and thus the agent of the insured. Other than the fact that the premises were unoccupied, there is no other evidence bearing on the question of willfulness in making the representation that the premises were occupied.
Thus, the defendant failed to carry the burden of proof with regard to the willfulness of the misrepresentation and, accordingly, this defense must be rejected.
It has been pointed out that the trial court failed to credit the defendant with the fifty-dollar deductible from any loss as provided by the policy. Therefore, the judgment will be amended to this extent, granting unto defendant said deductible.
For the above and foregoing reasons, the judgment of the trial court is amended to give defendant the benefit of the fifty-dollar deductible as provided by the policy, and in all other respects said judgment is affirmed. Defendant is to pay all costs of this appeal.
Amended and as amended, affirmed.

.The policy tracks the language of the Standard Fire Policy contained in R.S. 22:691:
“Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring:
* * * * *
“(b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond period of sixty consecutive days * * * >»

. LSA-R.S. 22:691.

. Louisiana Act 105 of 1898.

. LSA-R.S. 22:691.

. See Footnote 1.