298 So.2d 183 (1974)
Patricia B. SHAW, Appellant,
v.
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, a Corporation, Appellee.
No. S-382.
District Court of Appeal of Florida, First District.
July 23, 1974.
Rehearing Denied August 19, 1974.
*184 H. Edward Moore, Jr., Sherrill & Moore, Pensacola, for appellant.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
JOHNSON, Judge.
Appellant, the beneficiary under a life insurance policy issued by appellee, seeks reversal of a final judgment granting defendant-appellee's motion for a directed verdict.
The primary issue for our consideration is whether the trial court erred in removing this case from the jury and deciding, as a matter of law, that the evidence could not possibly sustain a verdict in favor of the plaintiff-appellant. We hold that there was error in this regard and that the factual issues should have been left to jury determination.
The appellant's deceased husband was employed by the Commonwealth Corporation and, as such, participated in a pension plan to which fifty percent of the proceeds went into life insurance policies issued by appellee. The insurance premiums were paid on behalf of the individual participants by Commonwealth. The policy provided that if premiums were not paid by the end of the 31 day grace period, the policy would lapse and terminate as of the due date of the premium. Reinstatement could be effectuated, subject to the payment of all overdue premiums, within 31 days after the expiration of the grace period.
The evidence adduced at the trial shows that Commonwealth timely paid the monthly invoices to appellee until March of 1971. For some reason, Commonwealth failed to mail to appellee the premiums for the month of March, 1971. After receipt of the April, 1971, invoice, Commonwealth sent its check to appellee and appellee who, for some reason, did not receive the check until May 3, 1971, credited this check to the payment which was due on March 1, 1971. Appellee gave no notice to Commonwealth that such payment was being credited to the March, rather than the April, premium.
On May 26, 1971, an officer of Commonwealth, Mr. Ennessey, received a telephone call from Mr. Lindsey, an agent of appellee, said agent being the sole representative of appellee whom Commonwealth had dealt with since the plan's inception. At this time, Mr. Lindsey informed Commonwealth that it was two months in arrears on payments. The officer from Commonwealth, Mr. Ennessey, testified that there was no indication from Mr. Lindsey at that time that the policy had lapsed nor was there any indication of urgency. Mr. Ennessey informed Mr. Lindsey that he would look into the matter and did so after working hours on May 26th. It was then discovered that while the April invoice had been sent in, the March premium had not been paid. Mr. Ennessey thus wrote up on that very evening a request for a check to cover the March and May premiums. The check was drawn on the 27th, the next morning, and was dated the 26th. Mr. Shaw, appellant's husband, died during the early morning hours of May 27, 1971, prior to the time the check was delivered to Mr. Lindsey. When the check was delivered to Lindsey, Commonwealth was informed that Mr. Shaw's policy had lapsed.
With these primary facts before the jury, appellee moved for a directed verdict in its favor on the ground that Mr. Shaw's policy was clearly in a state of lapse at the *185 time of his death. Appellant argued against this motion by contending that there was a question of estoppel or waiver on appellee's part, which question should be submitted to the jury. We agree with this contention.
In order to avoid any encroachment upon the right of a litigant to a jury trial, the authority to direct a verdict should be exercised with great caution. A case should never be withheld from the jury unless, as a matter of law, no proper view of the evidence could possibly sustain a verdict in favor of the non-moving party. This is not the situation shown herein.
Each case involving the question of estoppel or waiver of forfeiture provisions is to be decided on the particular facts involved, and factual issues should be determined by a jury unless the facts involved can, as a matter of law, lead to but one conclusion in favor of the party moving for a directed verdict or summary judgment. The primary issue in the instant case is whether appellee is liable to appellant in view of alleged breaches of policy provisions  the timely payment of premiums  and in view of appellee's actions or inaction with regard thereto. A determination of this issue involves factual questions and not contract interpretations or constructions.
While there is no question that the policy on Mr. Shaw was technically in a state of lapse at the time of his death due to the nonpayment of premiums, there can also be no question that an insurance company may be barred by estoppel or waiver from asserting that a policy is of no force or effect. As was stated in Industrial Life & Health Insurance Company v. Cofield, 110 Fla. 315, 148 So. 549 (1933):
"... an insurer ... cannot secure and retain the benefit of the collection of its premiums when past due, and at the same time, without notification to the insured, insist upon a forfeiture of the policy by lapse of same for nonpayment of premiums on the precise days they were due under the strict conditions of the contract."
Also included in the Cofield case, supra, is the following language:
"A forbidden act of the insured that leads to forfeiture, may ... be itself waived by acts or conduct of the insurer's representatives acting in a manner inconsistent and irreconcilable with the idea that a forfeiture has taken place."
If an insurance company intends to stand on a forfeiture clause of its policy, it should so inform the insured as soon as practicable after it ascertains the facts upon which it bases its claim of forfeiture. Palatine Insurance Company v. Whitfield, 73 Fla. 716, 74 So. 869 (1917); Bergh v. Canadian Universal Insurance Company, 216 So.2d 436 (Fla. 1969).
Here, were the issues of estoppel or waiver properly presented to the jury, the jury may well have found from the evidence, along with the inferences to be fairly and reasonably drawn therefrom, that appellee's actions or inactions estopped it from claiming lapse or that appellee's actions or inactions constituted a waiver of the policy requirements regarding time of payment of premiums. The actions on the part of appellee in accepting the April premium check and applying it in payment of the March premium without notifying Commonwealth of its actions could have justified the jury in concluding that appellee led Commonwealth to think that the policies were in full force and effect. This, coupled with Mr. Lindsey's telephone call, which neither indicated a sense of urgency nor informed Commonwealth of the lapsing of the policy, could have led the jury to return a verdict in favor of appellant on the grounds of appellee's estoppel to assert lapse of the policy or appellee's waiver of the time requirements of the policy.
In conclusion, we find and so hold that the trial court erred in granting appellee's *186 motion for a directed verdict and entering judgment thereon. Accordingly, the judgment appealed herein is reversed and the cause is remanded for a jury trial. We have examined appellant's second contention of error and find it to be without merit. The appellant's motion for attorneys' fees in connection with this appeal is to be entertained by the trial court at the conclusion of the proceedings therein.
Reversed and remanded for trial.
SPECTOR, Acting C.J., and BOYER, J., concur.