307 So.2d 901 (1975)
Arthur COURSHON, Appellant,
v.
FONTAINEBLEAU HOTEL CORPORATION, Appellee.
No. 74-436.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied February 26, 1975.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Sherryl Martens Dunaj, Miami, for appellant.
Shalle Stephen Fine, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
The defendant appeals a final money judgment entered in favor of the plaintiff after non-jury trial in an action for damages on a contract.
The complaint alleged in substance that in April of 1967, the appellant, Arthur Courshon, and a second defendant, David Walters, acting jointly and severally, engaged the Fontainebleau Hotel through its owner, Fontainebleau Hotel Corp., the plaintiff, for a $100 per plate dinner to be given for the benefit of Hubert H. Humphrey, the Vice President of the United States. The dinner took place and the hotel supplied the agreed food, drink, service and accommodations for the dinner guests who numbered in the hundreds, if not thousands. Such complaint further alleged that the defendants, jointly and severally as principals agreed to collect the proceeds and to pay therefrom a stated amount for the complete dinner and all arrangements and expenses in connection therewith; but although in excess of $100,000 was raised by defendant Courshon, a balance of $11,390.64 remains unpaid.
Subsequently, on summary judgment, David Walters was dismissed as a defendant. Arthur Courshon then filed his answer to the complaint, alleging that he had advised the plaintiff's agent, Novack, that the dinner was to be held by the Democratic National Committee and that any activity with which defendant Courshon may have been involved in connection with such dinner was as agent of his disclosed principal, the Democratic National Committee; that he (Courshon) would not be individually *902 responsible for payment of any portion of such dinner.
A non-jury trial was held after which the court entered its findings of fact, conclusions of law and final judgment, awarding the plaintiff $11,390.64, plus interest. This appeal ensued. The trial judge made extensive findings of fact. Such findings reflected, inter alia, that arrangements, including financial arrangements, with respect to the dinner were made between the defendant, Arthur Courshon, and Ben Novack on behalf of the plaintiff; that the proceeds collected from the sale of tickets for the dinner were deposited in the Humphrey Dinner Fund, a checking account in the Jefferson National Bank, for which Courshon was a signatory, and after the dinner was given, Courshon directed payment to Fontainbleau from that fund, in the form of two checks, approximating one-half of the amount demanded; that Arthur B. Krim, Chairman of the finance committee of the Democratic National Committee testified by deposition not only that dinners of this nature are generally arranged on the local level, but also that the bills therefor generally are paid out of funds collected at the local level, after which the difference is forwarded to the Committee headquarters in Washington. Courshon forwarded the balance of the funds without first paying the Fontainebleau; that defendant Courshon testified that he did not know whether the Democratic National Committee is incorporated or in any other form of association, partnership or limited partnership, its structural or legal organization or what type of entity it is.
Our review of the record reveals that such findings of fact are amply substantiated. In an action at law, tried without a jury, such as the instant case, the trial court's findings are entitled to the weight of a jury verdict before the reviewing court, and these findings will not disturbed unless it is shown that there is a total lack of substantial evidence to support the trial judge's conclusion. Ross v. Florida Sun Life Insurance Company, Fla.App. 1960, 124 So.2d 892, 894; Old Equity Life Insurance Company v. Levenson, Fla.App. 1965, 177 So.2d 50; American Equitable Assurance Company of New York v. Southern Industrial Savings Bank, Fla. App. 1967, 196 So.2d 770.
We conclude, based on the findings of fact, that the court did not err as a matter of law in entering judgment against Courshon.
Therefore, for the reasons stated, the judgment appealed hereby is affirmed.
Affirmed.