McLANE, RALPH M., Associate Judge.
The insurance company appeals from the judgment entered on two fire policies, one insuring appellee’s building and the second, the contents of the building.
The controversy revolves around the total loss of both the building and its contents. Under the strict language of the policies, both had lapsed for nonpayment of premiums for more than four weeks.
So far as here material, the policies provide in part:
“PAYMENT OF PREMIUM: Each premium is due and payable in advance in the home office of the company but may be accepted elsewhere by a duly authorized agent. All premiums paid shall be forfeited to the company and this policy shall terminate by lapse and all liability hereunder shall cease when the required premiums are more than four (4) weeks in arrears. If the agent shall not call for the premiums when due, or shall refuse to accept said premiums, the insured is required without notice to pay the premiums at the branch office of the company or remit the same directly to the home office of the company.”
“CANCELLATION OF POLICY: The policy shall be canceled at any time at the request of the insured in which case this company shall upon demand and surrender of this policy, refund the excess of said premiums above the customary short rates for the expired time. This policy may be canceled at any time by this company, by giving to the insured a five (5) days written notice of cancellation with or without tender of the excess of paid premium above the pro-rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.”
When the premiums were past due for the months of April and May, 1974, Runnels, the agent for the company, on May 22, 1974 dispatched by mail a memo to the insured. It notified him of the two months delinquency and requested payment “by return mail”. The memo was directed to the insured’s residence in a town other than where the agent resided and the property was located. The memo was not received by insured until May 29,1974. In response, the following day the insured purchased and mailed a money order to the local agent, who received payment “sometime after May 30, 1974”. James A. Runnels, the agent, while authorized to write policies and collect premiums, testified he was not authorized to receive “double premiums”. Runnels forwarded the payment to the company without in anywise indicating to the insured his lack of authority or that there was any possible or probable difficulty with the insurance coverage. On the day of May 30th, 1974, the insured mailed the past-due premiums to agent Runnels, the building and its contents were completely destroyed by fire. The company returned the late premiums solicited by its agent and *1350 refused payment under the policies. No question of fraud is raised by the company.
The property was owned by the insured’s mother, who was a customer of Runnels for about fifteen years. At the mother’s death, the agent solicited continuation of the business from the son, Hamilton, who then became the named insured.
At the trial no evidence was adduced as to value of the building or its contents. The jury awarded Hamilton the face value of both policies. This appeal followed.
The landmark case of Industrial Life & Health Ins. Co. v. Cofield, 110 Fla. 315, 148 So. 549 (1933) is heavily relied upon by the appellee, where the Supreme Court said:
“The recognized rule in this state is that an insurer under clauses of the kind just quoted cannot secure and retain the benefit of the collection of its premiums when past due, and at the same time, without notification to the insured, insist upon a forfeiture of the policy by lapse of same for nonpayment of premiums on the precise days they were due under the strict conditions of the contract. Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 So. 869.”
On the other hand, the appellant insists that for a waiver or estoppel to be effective the insurance company must retain the late premium.
We, in Shaw v. Mass. Mutual Life Ins. Co. (Fla.App. 1st District), 298 So.2d 183 (1974), noted:
“A forbidden act of the insured that leads to forfeiture, may ... be itself waived by acts or conduct-of the insurer’s representatives acting in a manner inconsistent and irreconcilable with the idea that a forfeiture has taken place.”
The Court then places the burden upon an insurer who intends to stand on a forfeiture clause to inform its insured “. as soon as practicable after . . . ” ascertaining the facts upon which it predicates its claim of forfeiture.
In Shaw, it should be noted the life insurance company rejected the premium and stood upon a lapse of the policy after the death of the insured. The Court reversed the trial judge who had directed a verdict for the insurer, stating the jury should properly determine liability.
So in this case, the fire occurred on the same day the premium was mailed to the agent who in turn forwarded it to the company. It was after receipt by the company that for the first time the insurer indicated it would take the position the policy had lapsed.
We then have a case for the jury to determine. The trial judge was correct in denying the motion for directed verdict.
Point II raised by the appellant is well taken. The record is void of any evidence as to value of the contents of the destroyed building. It was incumbent upon the plaintiff to prove the contents of the building and their value.
The Court should have granted insurer’s motion for a directed verdict upon the claim under the policy covering the contents. However, once liability is found on the policy insuring the building, which was a total loss, the “Valued Policy Law”, Section 627.702, F.S., applies. The statute in part provides:
“. . . such total loss shall be in the amount of money for which such property was so insured as specified in the policy . .
Appellant by Point III argues that plaintiff’s requested instruction # 1, as amended by the Court, was erroneously given. Unfortunately, we have before us an incomplete record of the proceedings in the trial court. We learn from a motion filed by the appellant that a complete transcript of the proceedings is unavailable for the case was not reported by a court reporter. Only the requested charges are a part of the record on appeal. In complete fairness to the trial judge, we have no knowledge whether his general instructions may clarify, explain, or comment upon the requested instruction specifically what, if anything, he instructed the jury it might consider on the issue of waiver or estoppel.
*1351 However, plaintiff’s requested instruction # 1, as amended by the Court, and given, simply says if Runnels was Interstate’s agent “and collected the premium and revived the policies . . the jury should find for the plaintiff. As given, the instruction does not follow the law found in Industrial Life & Health Ins. Co., supra, and Shaw v. Mass. Mutual Life Ins. Co., supra. The Court committed error.
Finally, the taxing of costs by the Court without a motion or other appropriate pleading is assigned as error. In the absence of a stipulation or agreement on costs, they should be taxed pursuant to Section 57.021, F.S.
REVERSED AND REMANDED for further proceedings.
McCORD, C. J., and BOYER, J., concur.