367 So.2d 1071 (1979)
The HOME INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Louis MENDELSON and Florence Mendelson, His Wife, Appellees.
No. 78-409.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Rehearing Denied March 16, 1979.
*1072 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellant.
Sams, Anderson, Gerstein & Ward, Greene & Cooper and Marc Cooper, Miami, for appellees.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
After a lengthy trial, at which both the facts and the inferences properly to be drawn from them were in hot dispute, the trial judge, sitting without a jury, found that the appellant-defendant, Home Insurance Company, had cancelled and then reissued a $1,000,000 excess liability insurance policy to the plaintiff-appellee Louis Mendelson, who was then a resident of Florida; he thereby rejected the defendant's contrary contention that Home had merely continued the effectiveness of an already existing policy issued while Mendelson had been a resident of New York. Pursuant to this finding, the court held that Section 627.727, Florida Statutes (1975), was applicable and that, since Home had not offered Mendelson $1,000,000 in uninsured motorists coverage as the statute requires, the policy was deemed automatically to provide that coverage, notwithstanding the $25,000 UM limits stated on its face. See Aetna Casualty & Surety Co. v. Green, 327 So.2d 65 (Fla.1st DCA 1976), cert. denied, 336 So.2d 1179 (Fla. 1976).
We have carefully reviewed the extensive record below and have concluded that it contains competent, substantial evidence which supports the factual determination which formed the basis of the judgment below. See Atlantic & Gulf Properties, Inc. v. Palmer, 109 So.2d 768 (Fla.3d DCA 1959), 60 Am.Jur.2d, Payment, §§ 82-83. Since that is the case, the judgment rendered by the trial court acting as the finder of fact must be and is affirmed. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Department of Transportation v. Morehouse, 350 So.2d 529 (Fla.3d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978); DeLalio v. Food Palace, Inc., 330 So.2d 835 (Fla.3d DCA 1976), cert. denied, 341 So.2d 1081 (Fla. 1976); Courshon v. Fontainebleau Hotel Corp., 307 So.2d 901 (Fla.3d DCA 1975).
Affirmed.
CHARLES CARROLL, Associate Judge (dissenting).
I respectfully dissent. Although handled in the form of a cancellation and reinstatement, that was not the legal effect of the transaction. The "cancellation" notice was not a cancellation, but by its terms and legal effect was a notice that the policy was cancelled unless certain premium payment should be made within a designated date. Timely payment was made to an agent of the insurer. When that occurred, the fact that the method employed by the insurance company to recognize and implement the *1073 continuance of the insurance was by "reissuing" the policy, instead of sending the insured a notice that because of the payment the policy continued, is not material. The payment for which the policy was "reissued" was not made as a payment of a premium for a new or separate policy, but was a payment of premium on the existing policy, and because of such payment, according to the terms of the "cancellation" notice, the policy never became cancelled. It is the substance of the transaction and not its shadow that determines its legal effect, which in this instance was the uninterrupted continuance of the policy. In my opinion, the judgment should be reversed.