388 So.2d 608 (1980)
Nancy MIXSON and Benjamin Mixson, Her Husband, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 79-1380.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Rehearing Denied October 24, 1980.
Horton, Perse & Ginsberg and Edward A. Perse, Miami, William J. Goldworn, Coral Gables, for appellants.
Spencer & Taylor and Arthur H. Taylor, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
The Mixsons, defendants in an action for declaratory judgment, appeal a final judgment entered by the trial court determining they were not entitled to personal injury protection and uninsured motorist coverage. We hold that acceptance of a belated premium payment by Allstate Insurance Company estops the insurer from denying coverage, and therefore, reverse the trial court.
On December 11, 1974, Benjamin Eugene Mixson contracted for automobile liability insurance policy with Allstate Insurance Company for his wife and himself. Substantial increases in the annual premium caused Mr. Mixson to change his method of payment to ten installments each year. The first payment for the third year of coverage was timely made on December 11, 1976, but then problems began to occur.
*609 In response to Mixson's failure to make installment payments according to schedule, Allstate sent its insured a notice of cancellation for nonpayment. The notice informed Mixson that his account was overdue by one payment and that the policy would be cancelled on March 31st if payment were not received by that date. Despite the notice, Mixson's next payment was made by a check dated April 15, 1977, and received by Allstate on April 25, 1977. Allstate accepted this payment.
Mixson and his wife then filed a claim seeking benefits for injuries the wife suffered in an accident that occurred on April 21st.[1] Allstate responded to the claim with a letter stating that the policy had lapsed during the period between March 31st and April 25th and denying coverage for the accident. Allstate did not, however, make any attempt to refund the April payment.
The Mixsons demanded arbitration, and Allstate commenced an action for declaratory judgment concerning the coverage question. After a non-jury trial, the lower court entered judgment finding that the Mixsons were not covered under the policy for the accident of April 21, 1977. We disagree.
An insurer cannot retain a past-due premium and at the same time claim that a forfeiture of the policy has occurred. In this case, the unconditional acceptance of the April payment constituted a waiver of the insurer's right to contend the policy has lapsed. See Peninsular Life Insurance Co. v. Howard, 72 So.2d 389 (Fla. 1954); Industrial Life & Health Insurance Co. v. Cofield, 110 Fla. 315, 148 So. 549 (Fla. 1933); Interstate Fire Insurance Co. v. Hamilton, 356 So.2d 1348 (Fla. 1st DCA 1978); and Security Life & Trust Co. v. Jones, 202 So.2d 906 (Fla.2d DCA 1967). Accord, Home Insurance Co. v. Mendelson, 367 So.2d 1071 (Fla.3d DCA 1979) and Travelers Indemnity Co. of Rhode Island v. Mirlenbrink, 345 So.2d 417 (Fla.2d DCA 1977).
For the foregoing reasons, we reverse the judgment and remand for proceedings consistent with this opinion.
NOTES
[1] Mrs. Mixson had a second accident on April 29, 1977. Allstate did not deny coverage for this claim.