United States Court of Appeals,

Eleventh Circuit.

No. 94-2951.

GAS KWICK, INC., Plaintiff-Appellant,

v.

UNITED PACIFIC INSURANCE COMPANY, Defendant-Appellee.

July 21, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-807-CIV-T-21A), Ralph W. Nimmons, Jr., Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

DUBINA, Circuit Judge:

Plaintiff-Appellant Gas Kwick, Inc. ("Gas Kwick") appeals the district court's grant of summary judgment in favor of defendant-appellee United Pacific Insurance Company ("United Pacific") in this declaratory judgment action regarding an insurance contract. We affirm.

I. *STATEMENT OF THE CASE*

A. *Facts*

United Pacific issued a policy that provided insurance coverage to Gas Kwick for a number of commercial properties. After suffering a fire loss at one of the properties, Gas Kwick sought a declaratory judgment that the policy issued to it provided insurance coverage for such a loss.

In April of 1991, Gas Kwick submitted an application for

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

insurance to United Pacific listing properties to be covered by the policy.  One of the listed properties was an "Oper. Bulk Plant and Warehouse" located at 30th Street and 8th Avenue in Tampa, Florida. The premises was owned by Gas Kwick and leased by it to a third party.  At that location were several above-ground storage tanks (the bulk plant) and a warehouse building.  The lessee used the storage tanks to store reclaimed oil, but did not use the warehouse, which was empty.

United Pacific issued a binder for insurance to Gas Kwick dated September 12, 1991.  The effective date of the binder was September 15, 1991, and the expiration date was October 15, 1991. The policy period shown on the binder was September 15, 1991, to September 15, 1992.  The binder included a provision that "[t]he insurance is subject to the terms, conditions, and limitations of the policy(ies) in current use by the company."  The policy was typed on September 29, 1991, and presumably mailed sometime thereafter.

On September 25, 1991, the warehouse at 30th Street and 8th Avenue burned to the ground.  Gas Kwick's agent, Nick Capitano ("Capitano"), reported the fire loss to United Pacific on the day of the fire.  Capitano and Abbey Sierra ("Sierra"), Gas Kwick's vice president, gave a recorded statement to United Pacific the day after the fire acknowledging that the warehouse was empty at the time of the fire and had not been used for over a year.

On March 9, 1992, United Pacific denied Gas Kwick's insurance claim on the warehouse, citing paragraph 10 of page 5 of the policy.  That paragraph provides:

PROPERTY NOT COVERED

We will not pay for:

10. Loss to building or personal property if the building where loss or damage occurs has been vacant or unoccupied for more than sixty (60) consecutive days *before* that loss or damage.  (Emphasis added).

B. *Procedural History*

Gas Kwick filed an action for declaratory judgment seeking a declaration that:  (1) United Pacific's policy exclusion for loss to a building vacant for more than 60 days was timed from the date of the policy issuance;  and (2) coverage should, therefore, be provided for the loss to a building where a fire occurred 13 days after the issuance of a blanket binder and 10 days after the effective date of the policy even though the building itself had been vacant for more than 60 days.

United Pacific moved for summary judgment, claiming that the loss was excluded under the terms of the insurance policy.  United Pacific argued that the insurance policy did not provide coverage for damage to the property, since the property was vacant for more than 60 consecutive days prior to the fire loss.  In response, Gas Kwick argued that the 60-day period referred to in the exclusionary clause started to run from the issue date of the insurance policy, and that since the loss occurred less than 60 days after the policy was issued, recovery was proper under the terms of the policy.

The district court granted United Pacific's motion for summary judgment, finding that recovery for the fire loss was excluded by the vacancy provision.  Gas Kwick then perfected this appeal.

## II. *ISSUES*

(1) Whether a 60-day exclusion for vacant buildings under an

insured's policy runs prospectively from the effective date of the policy or retrospectively from the date of the loss.

(2) Whether a policy to take effect on September 15, 1991, but not written or issued until September 29, 1991, after the loss occurs, can be the basis for excluding coverage under the loss.

(3) Whether there is coverage for loss of a vacant building where the insurer did not inspect or demand disclosure of vacancy and did not provide notice of its 60-day vacancy exclusion until after the loss.

### III. *STANDARD OF REVIEW*

We review *de novo* the district court's grant of a motion for summary judgment. *Edwards v. Wallace Community College,* 49 F.3d 1517, 1520, (1995). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Beal v. Paramount Pictures Corp.,* 20 F.3d 454, 458 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 675, 130 L.Ed.2d 607 (1994). This court reviews the facts in the light most favorable to the non-movant and resolves all factual disputes in favor of the non-movant. *Smith v. Jefferson Pilot Life Ins. Co.,* 14 F.3d 562, 566 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 57, 130 L.Ed.2d 15 (1994).

### IV. *DISCUSSION*

A. *The Vacancy Exclusion*

The policy provides that no coverage is afforded for a loss to a building if the building has been vacant or unoccupied for more than 60 consecutive days *before that loss or damage.* Nevertheless, Gas Kwick argues that the 60-day vacancy period began

to run from the effective date of the insurance policy, so recovery for the loss was not barred by the vacancy exclusion. United Pacific argues that the policy is unambiguous, precluding coverage for a loss where the property has been vacant for 60 days immediately preceding the loss.[1] Under Florida law, interpretation of an insurance contract is a matter of law to be decided by the court. *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.,* 757 F.2d 1172, 1174 (11th Cir.1985). Furthermore, courts must construe an insurance contract in its entirety, striving to give every provision meaning and effect. *Dahl-Eimers v. Mutual of Omaha Life Ins. Co.,* 986 F.2d 1379, 1382 (11th Cir.1993). When a term in an insurance policy is ambiguous, however, the court is required to construe it in favor of the insured and against the insurer. *Davis v. Nationwide Life Ins. Co.,* 450 So.2d 549, 550 (Fla.App. 5th Dist.1984). An insurance contract is deemed ambiguous if it is susceptible to two or more reasonable interpretations that can fairly be made. *Dahl-Eimers,* 986 F.2d at 1381. Courts may not, however, rewrite contracts or add meaning to create an ambiguity, and an ambiguity is not invariably present when a contract requires interpretation. *Id.*

Despite Gas Kwick's citation of authority to the contrary, the vacancy exclusion precluded recovery in this case, and the district court properly granted summary judgment for United Pacific. The

---

[1]According to United Pacific, "[t]he occupancy status of property is material to underwriting in evaluating the acceptance of the risk and determining the premium rate. Vacant or unoccupied property is rated differently and usually the premium rate is much higher if the property is vacant or unoccupied." Appellee's Brief at 18 (citations omitted).

cases relied upon by Gas Kwick in its brief concerning this issue are factually distinguishable from the instant case. For instance, in *Thomas v. Industrial Fire and Casualty Co.,* 255 So.2d 486 (La.Ct.App.1971), the court indeed construed "the sixty-day vacancy provision as running from the issuance date of the policy." *Id.* at 488. However, the language of the vacancy provision at issue in *Thomas* is significantly different from the language of the policy in this case. The vacancy clause in *Thomas* excluded coverage for buildings that are "vacant or unoccupied beyond a period of sixty days." *Id.* at 488 n. 1. In contrast, the United Pacific policy excludes coverage for a building that " *has been* vacant or unoccupied for more than 60 days *before that loss or damage.*" (Emphasis added). Thus, as the district court reasoned, "[t]he exclusion clause in United Pacific's policy clearly defines the vacancy period in retrospective terms—the period is to be measured by looking back from the date of the loss; the vacancy provision is not defined in prospective terms, whereby it would be measured by looking forward from the issuance date of the policy." District Court's Order at 7.

As in *Thomas,* the other cases cited by Gas Kwick involved policies employing prospective language distinguishable from the vacancy exclusion in the present case. *See, e.g., Old Colony Insurance Co. v. Garvey,* 253 F.2d 299, 302 (4th Cir.1958) (addressing prospective policy and stating that "[i]f it had been intended that existing vacancy be taken into account, language to that effect should have been used ..."); *Bledsoe v. Farm Bureau Mut. Ins. Co.,* 341 S.W.2d 626, 629 (Mo.App.1960) (provision that

company not liable for loss occurring while building "is vacant or unoccupied beyond a period of sixty consecutive days"); *Home Mut. Fire Ins. Co. v. Pierce,* 240 Ark. 845, 402 S.W.2d 672 (1966) (exclusion for vacancy "beyond a period of thirty days"). Accordingly, the cases relied upon by Gas Kwick as persuasive authority are all distinguishable from the present case.

Second, Gas Kwick appears to misapprehend the issue in the case. According to Gas Kwick, the issue is whether the vacancy period "began to run" from the effective date of the insurance policy or from the prior date the building became vacant. On the contrary, the question of when the vacancy began to run appears to be irrelevant in light of the retrospective focus of the vacancy clause. That is, under the vacancy exclusion, when a loss occurs, the inquiry is whether the building has been vacant for the 60 consecutive days immediately preceding the loss. If so, recovery is precluded. There is no reference to the date of issuance of the policy, and there is no inquiry as to when the vacancy began. The only relevant question is whether the building was vacant for 60 days prior to the loss.

We see no ambiguity in the language of the vacancy exclusion. The policy clearly precludes coverage where the building has been vacant for 60 consecutive days before the loss. Moreover, the cases relied upon by Gas Kwick involve an exclusion where a building has been vacant "beyond 60 consecutive days," defining the vacancy prospectively. Conversely, the vacancy exclusion in the present case is retrospective and unambiguous. For these reasons, it is our view that the district court properly granted summary

judgment on this issue.

B. *Whether Policy Issued After Loss Could Preclude Coverage*

Gas Kwick contends that if we find that the 60-day period is computed retrospectively from the date of the loss, we should hold the vacancy exclusion inapplicable because the policy was not delivered to Gas Kwick until after the fire loss. Gas Kwick states that it "was unable to predict its own risk and conform its behavior to satisfy coverage under the policy due to the conduct of the defendant." Appellant's Brief at 25. This argument is not persuasive.

The binder issued to Gas Kwick on September 12, 1991, provided that "THIS BINDING IS A TEMPORARY INSURANCE CONTRACT SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.... The insurance is subject to the terms, conditions, and limitations of the policy(ies) in current use by the company." United Pacific issued its policy to Gas Kwick with effective dates of September 15, 1991, through September 15, 1992. Clearly, Gas Kwick seeks the benefit of this effective date of September 15, 1991, since the fire occurred on September 25. Quite simply, Gas Kwick wants the policy's coverage to be effective September 15, 1991, but not its conditions or exclusions (such as the vacancy provision).

While it does seem somewhat inequitable to use an exclusion in the policy to deny coverage when the policy was issued after the loss, it would be difficult to fashion an exception for this situation. Insured parties benefit from having an early effective date while the policy is in the process of being issued. The exception argued by Gas Kwick would seemingly place insurers in the

situation of providing blanket coverage for all losses without exception until the policy (with its exclusions) is delivered to the insured. We refuse to create such an exception and affirm the district court on this issue.

C. *Knowledge of Vacancy*

Finally, Gas Kwick argues that because the district court determined that there were no material misrepresentations or omissions in the application, United Pacific should not be able to issue a policy on a vacant building and then exclude it from coverage because it is a vacant building. Basically, Gas Kwick contends that United Pacific should not be able to claim a violation of the vacancy exclusion that it took no steps to discover. In support of this argument, Gas Kwick cites *Poland v. Phillips,* 371 So.2d 1053, 1056 (Fla.App. 3d Dist.1979), where the court stated that "[a]n insurance policy may not be issued on a vacant building and then be excluded from coverage because it is a vacant building." As the district court noted, however, it appears essential to the holding in that case that the insurer knew that the building was vacant when the policy was issued. *Id.* Thus, "[t]he justification for not enforcing the vacancy provision, which was present in the *Poland* case, is absent here...." District Court's Order at 8. In fact, Gas Kwick now seems to be making the opposite argument from that in *Poland:* because United Pacific did *not* know the property was vacant, it cannot use the vacancy exclusion. This contention is confusing and unpersuasive.[2]

_____

[2]Gas Kwick asserts that it was incumbent upon United Pacific "to investigate to determine if, in fact, the premises was vacant or, at the very least, make an inquiry to Gas Kwick to determine

## V. *CONCLUSION*

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of United Pacific and against Gas Kwick.

AFFIRMED.[3]

---

if it were a vacant building."  Appellant's Brief at 28.  As United Pacific notes, however, Gas Kwick had superior knowledge of the status of the property.  In addition, there were 185 properties to be insured under the contract, rendering it impractical for United Pacific to inspect all of the properties prior to the issuance of the policy.

[3]We considered certification of the first issue presented in this appeal to the Florida Supreme Court.  While the Florida courts apparently have not precisely addressed the vacancy exclusion issue, in our view, it is not worthy of certification. The issue is narrow and specific to the language of each individual contract, and the question has arisen in only a few reported cases in several decades in courts across the United States.  Accordingly, certification would serve no valid purpose.