[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-14576
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00261-SPM-GRJ


JAMES REVELS,

                                                              Plaintiff-Appellant,

versus


FEDERATED LIFE INSURANCE COMPANY,

                                                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 18, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

James Revels appeals the grant of summary judgment in favor of Federated Life Insurance Company on his claim for breach of a disability insurance contract. Mr. Revels argues that Federated unconditionally accepted a late payment and thereby waived the right to claim that the policy lapsed. Mr. Revels also argues that Federated is estopped from claiming that the policy lapsed because he detrimentally relied on a misleading representation by Federated. After reviewing the record, we affirm.

Mr. Revels purchased a disability insurance policy from Federated in 2003. The policy allows a 31-day grace period for late premium payments. If the premium remains unpaid during the grace period, the policy lapses on the 32nd day. The term "lapse" is not defined in the policy. Though a lapsed policy may be reinstated, it "will cover only disability that results from an injury that occurs after the date of reinstatement or a sickness that starts more than 10 days after such date." D.E. 1-1 at 13.

It is undisputed that Mr. Revels failed to make a payment due on December 4, 2008. He also did not pay the premium during the grace period, and his policy therefore lapsed. Federated sent Mr. Revels a "notice of lapse" letter on January 5, 2009, stating that "[t]he policy may be reinstated now by merely paying the past due premium subject to the conditions below." D.E. 19-2 at 34. The letter did not mention the coverage restrictions on reinstated policies.

2

Mr. Revels submitted the late payment by check dated January 22, 2009, apparently under the belief that there would be no interruption in coverage, and Federated reinstated the policy on January 29, 2009. Several months later, Mr. Revels submitted a claim for a back injury. It is undisputed that his symptoms for that injury began in October of 2008. Federated initially denied the claim for lack of medical documentation, but upon further review determined that it was not covered because the injury arose before the policy was reinstated. The district court agreed and granted summary judgment in favor of Federated.

We review an order granting summary judgment *de novo*. Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Mr. Revels contends that the "notice of lapse" letter offered to extend the grace period for late payments, *see* Appellant's Br. at 11, but that is not what the notice says. Rather, it states that the policy "is no longer in effect" and "may be reinstated," which necessarily implies that the policy did in fact lapse. *See* D.E. 19-2 at 34. An extension of the grace period, on the other hand, would mean that the policy would not have lapsed—a position that directly contradicts the notice.

Mr. Revels did not make his December 2008 payment until after the grace period had expired, and the policy states that when a lapsed policy is reinstated, it

only covers injuries that occur after the date of reinstatement. *See Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003) ("[I]nsurance contracts must be construed in accordance with the plain language of the policy.").[1] Given that Mr. Revels' back injury occurred before the date of reinstatement, Federated was entitled to summary judgment. *See Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1539 (11th Cir. 1995).

Mr. Revels contends that Federated waived the right to assert lapse, and cites to *Mixson v. Allstate Ins. Co.*, 388 So. 2d 608, 609 (Fla. 3d DCA 1980). *Mixon*, however, dealt with the "unconditional acceptance" of a late premium payment. There is no indication that the contract in *Mixson* involved a prospective reinstatement provision as we have here. Florida law, moreover, generally allows an insurer to prospectively reinstate a policy without waiving the right to deny coverage. *See Progressive Express Ins. Co. v. Camillo*, 80 So. 3d 394, 400 (Fla. 4th DCA 2012) (holding that "where a policy expires without the insured making a renewal payment, and a loss occurs after the expiration of the policy period, the insurer may subsequently accept premium payments and reinstate the policy prospectively without waiving the right to deny coverage for the loss").[2]

---

[1] The parties agree that Florida law governs.

[2] We recognize that *Camillo* involved a loss that occurred *after* the policy had expired, whereas Mr. Revels' loss purportedly occurred before he missed a payment. The fact remains, however, that he did not make a claim until after the policy had been prospectively reinstated under the express terms of the contract.

Furthermore, there can be no waiver or estoppel when "there was no course of conduct by the insurer which in any way could have led the insured to believe . . . that the policy had not lapsed." *Hutchinson v. Equitable Life Assurance Soc'y*, 335 F.2d 592, 594 (5th Cir. 1964). Federated's "notice of lapse" letter clearly stated that the policy was no longer in force. We cannot say that Federated intended to waive any rights, particularly given the unambiguous policy language.

    **AFFIRMED.**