[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13036

Non-Argument Calendar

_____

MAGNA TYRES USA, LLC,

Plaintiff-Appellant,

*versus*

COFACE NORTH AMERICA INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02176-CEM-DCI

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Magna Tyres USA, LLC appeals the summary judgment in favor of Coface North America Insurance Company and against its complaint of breach of contract and request for a declaratory judgment. *See* 28 U.S.C. § 1332. We affirm.

In February 2020, Magna Tyres USA, an affiliate of Magna Tyres Group, obtained coverage under Coface's international credit insurance policy to cover the credit it extended to its customers. Coface's agent completed and submitted the insurance application to underwriting before returning it to Magna Tyres USA for signature. He wrote that "if there is a section that isn't completed, then that means it doesn't have to be completed" and to sign if Magna Tyres USA did not want to make any changes.

Michael de Ruijter, chief executive officer of both Magna Tyres Group and Magna Tyres USA, signed the application. Magna Tyres USA answered that it lacked any information detrimental to the creditworthiness of any customer and left blank how much of its outstanding customer debts were over 60 days past due. The policy contained a provision excluding coverage based on misrepresentation but stated any misrepresentation would not prevent recovery unless it was "material either to the acceptance of the risk" or "we would in good faith either not have issued this Policy, or

would not have issued it in as large an amount" if the true facts were disclosed.

Magna Tyres USA obtained coverage for multiple companies, including three for which it eventually submitted claims—Tires Direct, Inc., Narsi, Inc., and Tire Super Center of Orlando, LLC. Magna Tyres USA understood Sanjeet Singh Veen owned all three companies. In November 2019, Singh's companies' debts to Magna and its affiliates exceeded $5.9 million. By December 2019, his companies' debts exceeded $8.9 million. By January 2020, his companies' debts exceeded $11.6 million. Magna Tyres USA's former employee, who oversaw accounting, testified that Singh was regularly 90 days past due on his accounts. And in a January 2020 meeting, Magna representatives stated that Singh's debts created "too much risk" and decided to stop shipping products until he paid.

Alexandre Lacreu, chief underwriting officer for Coface, stated that Coface would not have insured the debts of any Singh company had Magna Tyres USA disclosed that there was one person responsible for the customers' orders, that the customers were heavily indebted and had debt that was 60 days past due, and that Magna Tyres USA had stopped delivering products based on that debt. In May 2020, Magna Tyres USA submitted insurance claims to Coface seeking coverage for the unpaid debts of the covered companies, some of which Coface held in abeyance and some of which it denied.

Magna Tyres USA filed a complaint in state court alleging breach of contract and requesting a declaratory judgment, which Coface removed to the district court. *See* 28 U.S.C. §§ 1332, 1441. Coface answered that Magna Tyres USA made material misrepresentations on its application. Coface later moved for summary judgment on the ground that Magna Tyres USA materially misrepresented information on its insurance application by denying knowledge of any past due customer accounts or information detrimental to its customers' creditworthiness. Magna Tyres USA moved for partial summary judgment and argued that Coface's affirmative defenses were insufficiently pled and that it had not made material misrepresentations. The district court granted summary judgment in favor of Coface.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party. *Signor v. Safeco Ins. Co. of Ill.*, 72 F.4th 1223, 1227 (11th Cir. 2023). We review the interpretation of an insurance contract *de novo*. *Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1538–39 (11th Cir. 1995).

Magna Tyres USA argues that Coface failed to plead sufficiently its affirmative defense of misrepresentation. Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses. "[T]he purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989); *see also Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 766 (8th Cir. 2022) ("As long as an affirmative defense is raised in the trial court in a manner that does

not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal . . . This includes the bare assertion of a defense." (citation and internal quotation marks omitted)).

Coface satisfied Rule 8(c). It raised its defense in its answer and cited the relevant policy provision. Even if Coface could have provided more detail, its answer provided notice of the defense, which Magna Tyres USA addressed in its motion for partial summary judgment.

The district court did not err in ruling Magna Tyres USA made a material misrepresentation. Magna Tyres USA misrepresented in its application that it lacked any information detrimental to the creditworthiness of any customer and left blank how much of its outstanding customer debts were over 60 days past due. Yet Magna Tyres knew information detrimental to the creditworthiness of the covered companies when it signed the application in February 2020. It knew Singh owned all three of the companies. Singh was regularly 90 days past due on his accounts. The companies' debts exceeded $5.9 million in November 2019, $8.9 million in December 2019, and $11.6 million in January 2020. And by January 2020, Magna suspended shipments based on the risk from Singh's debts. Magna Tyres USA and Magna Tyres Group shared a chief executive who signed the application and knew of Singh's debts.

Magna Tyres USA argues that the agent's preparation of the application excused any misrepresentation because the agent stated that it was complete. But a party to a contract has a duty to know the contents of the contract before he signs it, *Sabin v. Lowe's of*

*Fla., Inc.*, 404 So. 2d 772, 773 (Fla. Dist. Ct. App. 1981), regardless of whether an insurance agent completes the application, *see Rodriguez v. Responsive Auto Ins. Co.*, 388 So. 3d 846, 850–51 (Fla. Dist. Ct. App. 2023) (holding that it did not excuse a misrepresentation when an insurance agent filled in the application and did not seek to deceive or prevent the party from reading the application).

Magna Tyres USA next argues that the policy was ambiguous as to who possessed information and the relevant period. But Michael de Ruijter signed the application and knew all information regarding Singh's payment history with both Magna Tyres USA and Magna Tyres Group. And the relevant period for creditworthiness was not ambiguous because the question regarding debts over 60 days past due helped define that period. *See State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1076 (Fla. 1998) ("The lack of a definition of an operative term in a policy does not necessarily render the term ambiguous and in need of interpretation by the courts.").

The misrepresentation was material. The policy excludes coverage for a misrepresentation that is material to acceptance of risk or such that Coface in good faith would not have issued the policy. This language follows the Florida statute governing material misrepresentations in insurance applications. *See* Fla. Stat. § 627.409(1). Florida courts have held that the determination of materiality to the acceptance of risk is a question of law based on an objective view of materiality, and the determination of how the insurer would have acted is one of fact requiring testimony from

24-13036                Opinion of the Court                7

the insurer's representatives. *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 715 (Fla. Dist. Ct. App. 2016). The failures to disclose that Singh was the common owner of the companies and had amassed debts sufficient for Magna to stop shipping based on the risk of nonpayment were objectively material. *See id.*; *Singer v. Nationwide Mut. Fire Ins. Co.*, 512 So. 2d 1125, 1128–29 ("A misrepresentation is material if it does not enable a reasonable insurer to adequately estimate the nature of the risk in determining whether to assume the risk.").

Magna Tyres USA failed to rebut Lacreu's affidavit stating that Coface would not have insured the debts of any Singh company had Magna Tyres USA disclosed that there was one person responsible for the customers' orders, that the customers were heavily indebted, and that Magna Tyres USA had stopped delivering products based on the risk of nonpayment. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen*, 999 F.2d 1532, 1536 (11th Cir. 1993) (holding an underwriter's uncontradicted deposition testimony that the insurer would not have issued the policy had he known of the company's true financial state was sufficient to establish materiality). Lacreu was designated to testify as a corporate representative regarding the procedures for evaluating the buyers' credit risk. Moreover, he had personal knowledge of the credit underwriting practices for determining coverage limits. Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

We also reject the argument that Coface is estopped from arguing that Magna Tyres made a material misrepresentation because Coface conducted an independent investigation. Magna Tyres USA argues that Coface made "an independent inquiry" and was "in a position to ascertain the facts by a reasonably diligent and complete search" such that it was "bound by what a reasonably diligent and complete search would show." *Sec. Life & Tr. Co. v. Jones*, 202 So. 2d 906, 908 (Fla. Dist. Ct. App. 1967). But an insurance company has the right to rely on an applicant's representation and is under no duty to inquire further "unless it has actual or constructive knowledge that such representations are incorrect or untrue." *See N. Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co.*, 419 So. 2d 800, 802 (Fla. Dist. Ct. App. 1982). Coface conducted its own investigation by reviewing Dun and Bradstreet reports to assess the covered companies' creditworthiness. The reports established a "relatively stable" payment history but also described "slow payments," payments over 60 days past due, and worsening payments in the last six months. Even if it had constructive knowledge of the covered companies having payments 60 days past due, Coface lacked knowledge about Singh's companies having such high debt that Magna Tyres stopped shipping to them before obtaining coverage. Only Magna Tyres USA could know that information. Coface was entitled to rely on the truthfulness of the application that Magna Tyres USA had no information relevant to the customers' creditworthiness. *See id.*

Finally, Coface was not required to provide notice and seek a refund to rely on its defense. The policy allowed Coface to deny

coverage based on material misrepresentations. And material misrepresentation "is a viable defense even in the absence of effective cancellation." *United Auto. Ins. Co. v. Salgado*, 22 So. 3d 594, 601 (Fla. Dist. Ct. App. 2009) (citation and internal quotation marks omitted).

We **AFFIRM** the summary judgment in favor of Coface.